IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| MOHAMMAD ARSHAD, <br> Petitioner | * <br> * |
| v. | CIVIL ACTION NO. JFM-16-2096 |
| WALTER INGRAM, et al., <br> Respondents | * <br> * <br> ****** |

**MEMORANDUM**

Mohammad Arshad, filed this Petition for Writ of Habeas Corpus seeking to compel the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") to release him from its custody pending his removal. Petitioner, subject to a final order of removal, did not contest his deportation. ECF 1.

Petitioner is a native and citizen of Pakistan who was admitted to the United States on April 24, 2006 for a period not to exceed April 23, 2007. ECF 3-2, p. 1. Petitioner did not leave the country, but remained for several years. *Id*. His Applications for Permanent Residence were denied. *Id*.

On July 4, 2013, Petitioner was apprehended by Border Patrol Agents. ECF 3-3, p. 3. He was served with a Notice to Appear before an Immigration Judge on February 21, 2014. He failed to appear and was ordered removed in absentia. *Id*. Petitioner turned himself over to Immigration Officials in the Baltimore ICE field office on December 17, 2015. *Id*, He was detained in Frederick County Detention prior to his removal (ECF 3-4), which was effected on June 28, 2016, via Pakistan International Airlines Flight #722 out of John F. Kennedy International Airport. ECF 3-1, p. 2.

"A habeas corpus petition is moot when it no longer presents a case or controversy under Article III, § 2, of the Constitution." *Aragon v. Shanks*, 144 F.3d 690, 691 (10th Cir. 1998) (citing *Spencer v. Kemna*, 523 U.S. 1, 7 (1998)). "This case-or-controversy requirement subsists through all stages of federal judicial proceedings, trial and appellate." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990). The parties must continue to have a "personal stake in the outcome" of the lawsuit. *Id.* at 478 (quoting *Los Angeles v. Lyons*, 461 U.S. 95, 101 (1983)). "This means that, throughout the litigation, the plaintiff 'must have suffered, or be threatened with, an actual injury traceable to the defendant and likely to be redressed by a favorable judicial decision.'" *Spencer*, 523 U.S. at 7 (quoting *Lewis*, 494 U.S. at 477). In light of Petitioner's removal, his habeas challenge to his post-order detention under *Zadvydas v. Davis*, 505 U.S. 277 (2001), has been rendered moot.

A separate Order shall be entered dismissing this Petition without oral hearing.

8/31/17
Date

J. Frederick Motz
United States District Judge

2017 AUG 30 PM 12:42